

FILED
CLERK, U.S. DISTRICT COURT

MAR - 2 2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIK MERCADO,<br><br>Defendant. | Case No.  CR 23-00273 -JLS<br><br>ORDER OF DETENTION |

I.

On March 2, 2026, Defendant Erik Mercado made his initial appearance on the Indictment filed in this matter. Deputy Federal Public Defender Kyra Nickell was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Iricel Payano.. Defendant submitted on the recommendation of detention in the report prepared by U.S. Probation and Pretrial Services.

☐    On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒    On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] . The Court

also considered the report and recommendation prepared by the U.S. Probation and Pretrial Services Officer.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒    Defendant is currently in state custody serving a sentence following a conviction for bank robbery and is not eligible for release until November 27, 2029;

As to danger to the community:

☒    Defendant is currently in custody – see above

The Court finds that release on bail would pose both a risk of flight and a danger to others and to the community.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: March 2, 2026

_____/s/_____<br>ALKA SAGAR<br>UNITED STATES MAGISTRATE JUDGE

2